Chief Justice Robertson
delivered the Opinion of the Court.
We have no doubt that Alfred Shelby had such a vested and certain interest in the estate claimed by him, under his father’s will, as enabled him to pass it by his own will; for that interest was a vested remainder.
And, though the intention of the testator, respecting choses in action to which he was entitled at the time of his death, is a matter of some doubt, yet we are inclined to concur with the Circuit Court, in the opinion that his interest therein passed to his wife, by the devise to her of his land, farming utensils, stock, and “ every thing except (his) mules on hand, and money in (his) possession,” and was not embraced in the direction to his executors, to keep his money in (his) possession, loaned out for the benefit of his wife and children.
But there is, nevertheless, an essential error in decreeing to the widow the whole estate to which she was supposed to be entitled as a devisee, without regard to the legal interests of the two pretermitted children, one posthumous, and the other born in the testator’s lifetime, but after the publication of the will.
Those children, being both unprovided for, and pretermitted by the will, were entitled, by a statute of this State, to the interests which would have1 been cast on them by law, had their father died wholly intestate; and those interests being chargeable, by the statute, on the devisees, pari passu, the executors should not be compelled to pay to the widow more than she is entitled to in her own right, but, being also the testamentary guardians appointed by the will, they should be permitted to hold whatever they may be ultimately entitled to hold in that character. The widow is certainly not entitled to recover, or to hold, those interests, as she may do under the- decree as rendered.
Money deposited in bank, passes under a devise of the testator’s money in possession.
The right of a child bom after its father had made his will, but in his lifetime, accrues at thefather'sdeath. The right of a posthumous child at its birth.
■ And as one of the pretermitted children has died an infant, and the record affords intrinsic evidence that the surviving children and' mother are entitled to the deceased child’s interest, and that no administration would be necessary, the Circuit Court ought to have distributed that interest among the mother and surviving children, according to- their legal rights as heirs and distributees. The mother will, of course, have no right to any portion of the interest of the deceased child in land.
After abating from the widow’s devise the proper proportion with which it is chargeable, for the interest of the surviving pretermitted child, and also so much of that of the deceased child as goes, by law, to the living children, the residue of what was devised to her, and her interest in the deceased child’s portion, should be decreed to her; and the entire interests of the other children, as distributees, should be decreed to them respectively, and distributively. Then there will be no occasion for any further suit or controversy respecting 'the interests of the widow and children in the estate of the testator, either under the will or under the law — as there certainly may be, if the decree, as already render-' ed, be permitted to stand.
It may be proper, also, to suggest, that any money of the testator on deposite in Bank at the time of his death, should be considered as in his possession, and did not pass to his widow by the will. .
It is deemed proper to suggest, also, that the right of the pretermitted child born in the testator’s lifetime, accrued on the testator’s death, and that of the posthumous child at the time of her birth.
In revising the decree, this Court has perceived no essential errors, excepting such as have been already suggested.
Wherefore, the decree is reversed, and the cause remanded, with instructions to render a decree according to the principles of this opinion.